**ACETO CHEMICAL CO., INC.**

v.

**UNITED STATES.**

**C.D. 4066; Protest No. 63/2208–27574–61 against the decision of the collector of customs at the port of New York.**

United States Customs Court,
First Division.
Aug. 28, 1970.

Serko & Sklaroff, New York City (Murray Sklaroff, New York City, of counsel), for plaintiff.

William D. Ruckelshaus, Asst. Atty. Gen. (Brian S. Goldstein, New York City, trial attorney), for defendant.

Before WATSON, MALETZ, and RE, Judges.

WATSON, Judge:

This case is before the court after a rehearing for all purposes. The original decision, Senior Judge Oliver dissenting, is reported in Aceto Chemical Co., Inc. v. United States, 59 Cust.Ct. 15, C.D. 3058, 271 F.Supp. 293 (1967). The court therein held that the merchandise was properly classifiable pursuant to paragraph 13 of the Tariff Act of 1930, as modified, as liquids for cleaning, not specially provided for, and not containing alcohol.

The court rejected the collector's classification pursuant to paragraph 2 of the Tariff Act of 1930, as modified, as a triethanolamine salt which classification was conceded to be erroneous. Plaintiff's alternate claim for classification pursuant to paragraph 61 of said act, as modified as a preparation used for "applications to the hair * * *", was overruled.

In the original decision the majority was of the opinion that the importation, known as "Empicol TSL" could be used only as a liquid cleaner of some sort and in its imported condition was specifically provided for pursuant to the provisions for "liquids for cleaning" in paragraph 13 of the Tariff Act of 1930, as modified.

Reconsideration of the arguments of the parties and the authorities to which our attention has been directed, persuade us to reach a different conclusion from that set forth in the original decision. The record herein establishes that the importation is a mixture of two chemical compounds known as "triethanolamine lauryl sulfate" and "lauric isopropanolamide". These ingredients are what is commonly known as "detergents". In the imported form they are intended for use as a base in the formulation of hair shampoos, the further steps being dilution and the possible additions of perfume, color and oleyl alcohol for "manageability".

It would seem at first glance that in light of the use of this importation and the ingredients thereof, it would be classifiable either pursuant to paragraph 61 providing for all preparations used as applications to the hair or paragraph 13 providing for liquid cleaning agents. Close study of these provisions and their legislative history reveals, however, that such is not the case.

The Tariff Information Surveys prepared in 1921 by the United States Tariff Commission for the use of the Committee on Ways and Means of the House of Representatives in the preparation of a new tariff bill, reveal in a discussion of the existing paragraph 11 (the predecessor of paragraph 13 herein) that "to come within paragraph 11, the cream, preparation, or powder must have been prepared or imported for cleaning or polishing in the condition in which it is imported." [1] In addition it further appears from the study of the legislative history of this provision,[2] that Congress intended to provide in paragraph 13 for such cleaners as were used basically for household cleaning and not for personal hygiene. Consequently, the instant importation, not being a completed product and being in-

---

1. Survey I A–5 on "Blacking, Cleaning, and Polishing Preparations", page 8.

2. Summary of Tariff Information 1921, page 52. Summary of Tariff Information 1929, page 91.

tended for use as a hair shampoo, is clearly not encompassed by paragraph 13.

▮ As regards paragraph 61, we now note that the Summaries of Tariff Information for 1921 [3] and 1929 [4] indicate that the relevant provision was intended to cover perfumery and cosmetics *in finished form*. These articles, of course, include washes for the care of the hair.

In light of the unfinished state of the importation, we reach the conclusion that it is not properly classifiable pursuant to paragraph 61 of the Tariff Act of 1930, as modified. In light of the fact that it is not intended for such uses as are contemplated in paragraph 13 of said act, as modified, it is not classifiable therein.

Accordingly, we overrule the protest without affirming the classification of the collector. Due to the failure of plaintiff's claims, said classification, though conceded to be erroneous, prevails.

Judgment will issue accordingly.

MALETZ and RE, JJ., concur.

3. Page 178.

4. Page 313.